WILMOT W. LOWELL *versus* BENJAMIN M. FLINT.

In an action to recover a fine for neglect in the performance of militia duty, where there is sufficient testimony, although there may be other and conflicting, to authorize the conclusion of the magistrate, his decision upon the fact is conclusive. But where there was no testimony that could authorize his conclusion, the judgment will be reversed.

Thus, where the justice held, that the testimony of a witness, " that he had no doubt that he did notify the said commanding officer within five days, but could not swear positively that he did, but he could not state said notice was in writing," was competent and sufficient to prove that a written notice of the enlistment of a private in a company raised at large was given to the commanding officer of the local company within five days, his judgment was reversed on writ of error.

ERROR to reverse a judgment rendered before T. Jellison, a Justice of the Peace, on Nov. 2, 1839. The original action was brought by Flint, as clerk of a company of light infantry commanded by captain Glover, to recover of Lowell a fine for neglecting to perform his duty as a private in that company at a regimental review and inspection. The then plaintiff claimed to recover a fine on the ground that Lowell had become a member of the light infantry company by due enlistment therein and legal notice thereof to the commanding officer of the local company within which he resided. Lowell, among other

grounds, contended that parol evidence was inadmissible to prove that the name " W. W. Lowell," on the company books was his name ; and also objected that no legal notice of his enlistment was given to the commanding officer of the local company in which he lived, and in which he had been appointed clerk. In relation to the notice, the record is in these terms.

" To prove that the captain of the standing company of infantry was notified in writing within five days from the time of said enlistment, and also to give the date of said enlistment, the clerk was introduced, who stated that he had no doubt that he did notify the said commanding officer within five days, but could not swear positively that he did because he made no record of it, but he would not state said notice was in writing."

This evidence was objected to by the defendant as insufficient and incompetent to prove any legal notice. The justice admitted the evidence as sufficient to prove such notice, and adjudged that the action was sustained.

*Bridges*, for the original defendant, now plaintiff in error, contended that the evidence permitted by the justice to be introduced for the purpose, and which was held sufficient to prove notice, was in itself incompetent ; and if admissible, wholly insufficient. It proved no notice in writing, which is expressly required by the statute, and is therefore inadmissible. All such notices, too, should be recorded on the company books, and such record is the best evidence. St. 1834, c. 121, § 12 ; *Sawtell* v. *Davis*, 5 Greenl. 438 ; *Ellis* v. *Grant*, 15 Maine R. 191 ; *Abbott* v. *Crawford*, 6 Greenl. 214.

*J. Granger*, for the original plaintiff, said that the law only required that a written notice of the enlistment should be given to the commander of the local company within five days. This may be proved to have been done by parol, as is the usual practice in proving written notices to indorsers of notes. No record of the notice is usual or required by law. Whether the notice was proved or not, was a question for the determination of the justice. The testimony was competent ; he held it to be sufficient ; and his decision of the facts is conclusive.

The opinion of the Court was by

SHEPLEY J. — Several of the errors assigned in this case have been decided in the former case between the same parties, *ante*, p. 401. The fifth error in this, is the same as the fourth in the former case, that written notice of the enlistment was not given to the commander of the standing company within five days. But the testimony of the clerk, as stated in the record of the former case, differs materially from that so stated in this case. The evidence of the clerk is here stated to be " that he had no doubt that he did notify the said commanding officer within five days, but could not swear positively that he did, but he could not state said notice was in writing." And the record states that it was objected to as insufficient, " but it was admitted as sufficient to show such notice." This testimony would authorize the conclusion, that notice was given, but not that it was in writing. There was nothing from which such an inference could be drawn, for the clerk testified that he could not state that it was in writing. In the former case, he is reported to have testified, " I have no doubt I gave the notice in writing within five days after the enlistment of said Lowell, but cannot swear positively." And he also stated that he never gave any notice except in writing. When there is sufficient testimony, although there may be other and conflicting, to authorize the conclusion of the magistrate, his decision upon the fact is conclusive.

In this case, as before stated, there was no testimony, that could authorize the conclusion, that a written notice was given.

*Judgment reversed.*